**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| BARRY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-000367 |
| | ) | |
| PYOD, LLC and NORTHLAND GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff Barry Jones brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and alleges:

## **VENUE AND JURISDICTION**

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue and personal jurisdiction in this District are proper because the Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

## **PARTIES**

3. Plaintiff, Barry Jones ("Plaintiff"), is an individual who resides in the Eastern District of Missouri, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Plains Commerce Bank consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, PYOD, LLC, ("PYOD") is a Delaware limited liability company with principal offices at 625 Pilot Road, Suite 2, Las Vegas, Nevada 89119. (Exhibit A, Record from the Delaware Secretary of State).

5. PYOD acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

6. PYOD is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendant, Northland Group Inc. ("Northland"), is a Minnesota Corporation with a registered office and agent at 5207 N.W. Crooked Rd, Parkville, MO 64152. (Exhibit B, Record from the Missouri Secretary of State).

8. Defendant Northland operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Missouri.

9. Northland acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

## FACTS

10. Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Plains Commerce Bank consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

12. PYOD purportedly purchased the alleged debt sometime thereafter.

13. PYOD subsequently hired Northland to collect the alleged debt from Plaintiff.

14. Upon information and belief, Northland was at all times authorized to act on behalf of PYOD to attempt to collect the alleged debt from Plaintiff.

15. On or about June 20, 2014, Northland mailed Plaintiff a collection letter ("First Letter"). (Exhibit C, First Collection Letter).

16. The First Letter conveyed various information regarding the account directly to Plaintiff, including the amount owed, the identity of the original creditor, the current account owner, and the original account number.

17. The First Letter conveyed a Balance Due of $3305.49.

18. In fact, the First Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

19. The Letter was mailed in an envelope with a glassine window that showed Plaintiff's name, and address.

20. Included next to the Plaintiff's name was a number.

21. The number ("Account Number") matches Plaintiff's account number for the alleged debt, ending in 2805.

22. The Account Number is visible through the window of the envelope.

23. The Account Number is not part of the debt collector's address.

24. The Account Number is not part of the debt collector's name.

25. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the**

> **general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

26. Northland used unfair means to collect or attempt to collect a debt by exposing Plaintiff's Account Number on the envelope when communicating with Plaintiff by use of the mails, in violation of 15 U.S.C. §§ 1692f and 1692f(8).

27. An account number for a consumer's debt may not be disclosed on the face of an envelope that the debt collector mails to the consumer. *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

28. On or about January 15, 2015, Northland mailed Plaintiff a second collection letter ("Second Letter"). (Exhibit D, Second Collection Letter).

29. The Second Letter conveyed various information regarding the account directly to Plaintiff, including the amount owed, the identity of the original creditor, the current account owner, and the original account number.

30. In fact, the Second Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

31. The Second Letter conveyed an Account Balance of $3433.12.

32. In January, 2015, PYOD attempted to collect an additional $127.63 on the alleged debt over above the Balance of $3305.49 conveyed in June, 2014.

33. PYOD had no statutory or contractual right to collect an additional $127.63 on the alleged debt.

34. In fact, PYOD had no statutory or contractual right to collect any additional amounts from Plaintiff on the alleged debt.

35. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

36. PYOD attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $127.63 in interest and fees from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

37. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Duffy v. Landberg*, 215 F.3d 871, 874–75 (8th Cir. 2000).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT- NORTHLAND

38. Plaintiff re-alleges the above as if set forth fully in this count.

39. Northland used unfair means in connection with an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(8) when it exposed Plaintiff's Account Number on the envelope when communicating with Plaintiff by use of the mails.

40. PYOD is liable for the acts and omissions of Northland, committed in connection with efforts to collect the alleged debt from Plaintiff. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir.

2000)).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Northland as follows:

  A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  C. Such other or further relief as the Court deems proper.

## COUNT II- FAIR DEBT COLLECTION PRACTICES ACT- PYOD

1. Plaintiff re-alleges the above as if set forth fully in this count.

2. PYOD attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $127.63 in interest and fees from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant PYOD as follows:

  A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  C. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                                By: s/Michael D. Toscano
                                                        Attorney for Plaintiff

Michael D. Toscano, Esq.
***Callahan Law Firm, LLC***
Callahan Law Firm, LLC
11628 Old Ballas Rd., Suite 224
St. Louis, MO 63141
Ph: 314-669-2525
Fax: 314-395-9214
Bar No. 64183