**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| BARRY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-cv-00367-CDP |
| ) | |
| PYOD, LLC and NORTHLAND GROUP, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT PYOD LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

COMES NOW Defendant PYOD LLC ("Defendant") and, for its answer and affirmative defenses to the Plaintiff's First Amended Complaint (Doc. 11), admits, denies, and avers as follows:

### VENUE AND JURISDICTION

1. Defendant admits the allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2.

### PARTIES

3. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 3 and, therefore, denies the same. Responding further, Paragraph 3 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

4. Responding to Paragraph 4, Defendant admits it is a Delaware legal liability company, but denies the remaining allegations in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 7 and, therefore, denies the same.

8. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 8 and, therefore, denies the same.

9. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 9 and, therefore, denies the same.

## FACTS

10. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 10 and, therefore, denies the same.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant admits the allegations in Paragraph 13.

14. Paragraph 14 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

15. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 15 and, therefore, denies the same.

16. Responding to Paragraph 16, Plaintiff's Exhibit C speaks for itself.

17. Responding to Paragraph 17, Plaintiff's Exhibit C speaks for itself.

18. Paragraph 18 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

19. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 19 and, therefore, denies the same.

OM 340222.1

20. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 20 and, therefore, denies the same.

21. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 21 and, therefore, denies the same.

22. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 22 and, therefore, denies the same.

23. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 23 and, therefore, denies the same.

24. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 24 and, therefore, denies the same.

25. Paragraph 25 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

26. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 26 and, therefore, denies the same.

27. Paragraph 27 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

28. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 28 and, therefore, denies the same.

29. Responding to Paragraph 29, Plaintiff's Exhibit D speaks for itself.

30. Paragraph 30 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

31. Responding to Paragraph 31, Plaintiff's Exhibit D speaks for itself.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Paragraph 35 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

36. Defendant denies the allegations in Paragraph 36.

37. Paragraph 37 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT - NORTHLAND

38. Defendant incorporates by reference the above paragraphs as its answer to Paragraph 38.

39. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 39 and, therefore, denies the same.

40. Defendant denies the allegations in Paragraph 40.

## COUNT II – FAIR DEBT COLLECTION PRACTICES ACT - PYOD

1. Defendant incorporates by reference the above paragraphs as its answer to Paragraph 1 to Count II

2. Defendant denies the allegations in Paragraph 2 to Count II.

## JURY DEMAND

Defendant acknowledges Plaintiff's right to a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FDCPA, and the actions were unintentional and/or were the result of a bona fide error as defined in the FDCPA.

3. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate his damages, the existence of which damages Defendant specifically denies.

4. To the extent it is determined that Defendant violated the FDCPA, which Defendant specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be de minimis, inconsequential and not material.

5. Defendant cannot be held vicariously liable for the actions of Defendant Northland Group, Inc.

6. Defendant reserves the right to add further affirmative defenses as discovery and litigation of this case progresses.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

DATED this 22nd day of April, 2015.

    Respectfully submitted,
    SPENCER FANE BRITT & BROWNE LLP

By: /s/ Joshua C. Dickinson
    Joshua C. Dickinson, #51446MO
    12925 West Dodge Road, Suite 107
    Omaha, NE 68154
    (402) 965-8600  (telephone)
    (402) 965-8601  (facsimile)
    jdickinson@spencerfane.com

        Patrick T. McLaughlin, #48633MO
        1 North Brentwood Blvd., Suite 1000
        St. Louis, MO  63105
        (314) 863-7733  (telephone)
        (314) 862-4656  (facsimile)
        pmclaughlin@spencerfane.com

*Attorneys for Defendant PYOD LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 22nd day of April, 2015, with notice of case activity generated and sent electronically to:

Michael D. Toscano
Callahan Law Firm, LLC
11628 Old Ballas Rd., Suite 224
St. Louis, MO 63141

*Attorney for Plaintiff*

        /s/ Joshua C. Dickinson